## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID BROWN, SR.                                    :
                                                    :
             Plaintiff                               :
                                                    :
             -vs-                                    :
                                                    :
COILPLUS-PENNSYLVANIA, INC.                         :
        -and-                               :
UNITED STEEL, PAPER & FORESTRY,                     :          NO.  2:16-cv-04746-GAM
RUBBER, MANUFACTURING, ENERGY,                      :
ALLIED INDUSTRIAL AND SERVICE                       :          CIVIL ACTION
WORKERS INTERNATIONAL UNION,                        :
AFL-CIO, CLC, LOCAL UNION # 4889-08                 :
        -and-                               :
UNITED STEEL, PAPER & FORESTRY,                     :
RUBBER, MANUFACTURING, ENERGY,                      :
ALLIED INDUSTRIAL AND SERVICE                       :
WORKERS INTERNATIONAL UNION,                        :
AFL-CIO, CLC                                        :
             Defendants                              :

## DEFENDANT UNIONS' MOTION TO DISMISS
### PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC  and Defendant United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, Local Union 4889-08 request this Honorable Court to dismiss Plaintiff's First Amended Complaint alleging claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this Motion, Defendants incorporate herein by reference the attached Brief in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

Respectfully submitted,

**GALFAND BERGER, LLP**


BY:      */s/ Debra A. Jensen*
           DEBRA A. JENSEN, ESQUIRE
           MICHAEL W. McGURRIN, ESQUIRE
           1835 Market Street, Suite 2710
           Philadelphia, PA  19103
           (215) 665-1600
           Fax:  (215) 564-2262
           **Attorneys for Defendants**

**DATED:  11/30/2016**        **djensen@galfandberger.com**
           **mmcgurrin@galfandberger.com**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID BROWN, SR. <br><br>        Plaintiff <br><br>       -vs- <br><br> COILPLUS-PENNSYLVANIA, INC. <br>       -and- <br> UNITED STEEL, PAPER & FORESTRY, <br> RUBBER, MANUFACTURING, ENERGY, <br> ALLIED INDUSTRIAL AND SERVICE <br> WORKERS INTERNATIONAL UNION, <br> AFL-CIO, CLC, LOCAL UNION # 4889-08 <br>       -and- <br> UNITED STEEL, PAPER & FORESTRY, <br> RUBBER, MANUFACTURING, ENERGY, <br> ALLIED INDUSTRIAL AND SERVICE <br> WORKERS INTERNATIONAL UNION, <br> AFL-CIO, CLC <br>       Defendants | NO.  2:16-cv-04746-GAM <br><br> CIVIL ACTION |

**DEFENDANT UNIONS' BRIEF IN SUPPORT OF THEIR MOTION**
**TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.     INTRODUCTION**

David Brown, Sr. ("Plaintiff") has commenced this action against Defendants Coilplus,

Inc. ("Coilplus") and the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied

Industrial and Service Workers International Union, AFL-CIO, CLC ("USW") and the United

Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers

International Union, AFL-CIO, Local Union 4889-08 ("Local 4889-08").  Plaintiff asserts claims

against the USW and Local 4889-08 (collectively, "Union") for breach of the duty of fair

representation and against Coilplus for breach of collective bargaining agreement. With regard to his **sole** claim against the Union, Plaintiff alleges that the Union did not provide "fair and adequate union representation" at a disciplinary meeting on February 25, 2016[1]. Dkt. 19 at ¶ 51.

Plaintiff's claim against the Union fails for two reasons. First, Plaintiff's claim is time-barred because it was not filed within the six-month statute of limitations mandated by the Labor Management Relations Act ("LMRA")[2]. 29 U.S.C. §160(b). Second, Plaintiff's Complaint, even if its averments are accepted as true for purposes of the Court's consideration, fails to set forth any factual allegations that the Union acted arbitrarily, discriminatorily, or in bad faith in its representation of Plaintiff.

Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

## II.   PROCEDURAL HISTORY

Plaintiff filed the Complaint in this action on September 1, 2016. Dkt. 1. USW and Local 4889-08 filed a Motion to Dismiss on October 13, 2016. Dkt 16. On November 16, 2016, Plaintiff filed their First Amended Complaint, thus rendering the Union's Motion to Dismiss as moot. Dkt. 19. USW and Local 4889 have timely filed this Motion to Dismiss the First Amended Complaint within 14 days thereafter.

## III.   STATEMENT OF ALLEGED FACTS

Plaintiff's sole allegation against moving Defendants is that he did not receive fair and adequate union representation during a meeting on February 25, 2016.

---

[1] In a Duty of Fair Representation claim, Plaintiff is required to show that the Union failed to meet standards by acting arbitrarily, discriminatorily, or in bad faith. Plaintiff incorrectly and fatally pleads "fair and adequate" or "fair and actual" representation as the standard throughout their complaint.

[2] Plaintiff filed the initial Complaint six (6) months and seven (7) days after the February 25, 2016 meeting, which is in violation of the mandates of 29 U.S.C. §160(b).

By way of background, Plaintiff was employed at Defendant Coilplus' facility in Philadelphia, Pennsylvania. Dkt. 19 at ¶ 9. The USW is the collective bargaining representative for certain Coilplus employees, including Plaintiff. *Id*. at ¶4. Coilplus and the USW are parties to a collective bargaining agreement ("CBA") that was in effect at all relevant times. *Id*. at ¶ 4, 10; *see also* Dkt. 19, Exhibit A. In early December 2015, Plaintiff was assigned to a job as a Head Setter, a position in which he was trained. *Id*. at ¶¶12, 16.

On January 25, 2016, Plaintiff was disciplined for an attendance rule violation. Dkt. 19, Exhibit B. On January 29, 2016, Plaintiff made his first mistake as a Head Setter and received a written warning for poor work performance. Dkt. 19 at ¶¶26 – 27; *see also* Dkt. 19, Exhibit B. On February 3, 2016, Plaintiff made another mistake at work and received another warning for poor work performance. Dkt. 19 at ¶¶28 – 29; *see also* Dkt. 19, Exhibit C. On February 5, 2016, Plaintiff made his final mistake at work, which resulted in a five (5) day suspension pending termination. Dkt. 19 at ¶¶34 – 35; *see also* Dkt. 19, Exhibit D. According to the final disciplinary form, the Plaintiff was suspended for poor work performance and insubordination. *Id*. Plaintiff's final day at work was on February 5, 2016.

The Union filed a grievance to contest Plaintiff's termination. Defendant Union represented Plaintiff at his final grievance which took place on February 25, 2016. Dkt. 19 at ¶37. Plaintiff, Plant Supervisor Mike Onody ("Onody"), and Union President Brian Martin ("Martin") were present at the meeting. Dkt. 19 at ¶40. Martin advocated on behalf of Plaintiff by stating that Coilplus mistreats their employees regularly in these types of matters. *Id*. at ¶44.

Without alleging **any facts** to support his sole claim against the Union, Plaintiff instead pleads a legal conclusion: that he was deprived of his union rights to "receive fair and adequate

3

union representation" during this February 25, 2016 meeting[3].   Dkt. 19 at 51.   Contrary to

Plaintiff's legal conclusion veiled as a factual allegation, Plaintiff's Complaint speaks otherwise,

and on its face, acquits the Union of Plaintiff's baseless claims.


## IV.    ARGUMENT

### A.   Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss may be brought when the plaintiff has failed to state a claim upon

which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A court should dismiss a complaint "if,

accepting all well pleaded allegations in the complaint as true, and viewing them in the light

most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec.

Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).   However, the Court **should not accept legal

conclusions set forth as factual allegations**. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  Indeed, "plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Id.*  "[I]n light of *Twombly*, **FRCP Rule 8(a)(2) requires a 'showing' rather than

a blanket assertion** of an entitlement to relief." *Phillips v. County of Allegheny*, 515 F.3d 224,

233 (3d Cir. 2008).  A court only needs to accept allegations in a complaint as true "insofar as

they are specific, factual and not contradicted by plaintiff's exhibits." *Centrella v. Barth*, 633 F.

Supp. 1016, 1018-1019 (E.D. Pa. 1986).  If the facts alleged in the complaint, and inferences and

implications reasonably proceeding from them, would not entitle the plaintiff to relief as a matter

of law, the complaint should be dismissed. *In re Burlington*, 114 F.3d at 1420.

---

[3] Plaintiff has not alleged any specific acts or omissions on part of the Defendants that gave rise to a separate §301 claim other than those at the February 25, 2016 meeting.

B. Plaintiff's Complaint Should be Dismissed Because It is Time Barred by the LMRA's
   Statute of Limitations

A claim that the Union breached its duty of fair representation must be filed no later than

six months from the date upon which the Plaintiff knew or reasonably should have known of the

Union's alleged breach under the LMRA. 29 U.S.C. §160(b); *see also DelCostello*, *v.*

*International Brotherhood of Teamsters*, 462 U.S. 151, 169-71 (1983); *Podobnik v. United States*

*Postal Serv.*, 409 F.3d 584, 593 (3d Cir. 2005). This statute of limitation begins when the

Plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the acts

constituting the alleged violation." *Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir.

1990); *Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986). Stated differently, the

statute begins to run "the moment the plaintiff 'knows or reasonably should have known of the

acts contributing to the union's wrongdoing in failing to adequately represent the member's

interests.'" *Denao v. Service Employees Int'l. Union, Local 32 BJ, et al.*, 2014 WL 2611193

(E.D. Pa. 2013) (*quoting Podobnik*, 409 F.3d at 593).

In *Denao*, the plaintiff brought a claim alleging, in part, that his union failed to represent

him at his grievance arbitration hearing by not advancing an argument related to the employer's

disciplinary procedures. *Denao*, 2014 WL 2611193 at *1. The court held that the plaintiff knew

or should have known of the union's "wrongdoing" on the date of the arbitration hearing, or

when the alleged failure occurred. *Id.* at *3. Since the plaintiff had filed his lawsuit more than

six months after the date of his hearing, the court held that the action was barred by the statute of

limitations. *Id.* at *3.

Here, Plaintiff's Complaint etches in stone a specific date on which the Union's alleged

breach occurred. **"During the February 25, 2016 meeting, Plaintiff was deprived of his**

5

**union rights to receive fair and adequate union representation**." Dkt.1 at ¶51. While Plaintiff alleges that he obtained information about this alleged lack of representation on dates after February 25, 2016, the Plaintiff was present throughout his grievance meeting. Plaintiff's own factual averments demonstrate that he had all of the facts necessary to bring this cause of action on February 25, 2016. Therefore, based on the rulings from *Vadino* and *Denao*, it was at that meeting that Plaintiff's six (6) month statute of limitation began to tick. In order to be timely, Plaintiff's Complaint was required to be filed no later than August 25, 2016. Instead, Plaintiff's Complaint was filed on September 1, 2016, which was **beyond** the six-month statute of limitations.

Based on the foregoing, Plaintiff's cause of action is time-barred by the applicable statute of limitations period and must be dismissed.

### C. Plaintiff's Prima Facie Case

#### a. *Hybrid §301 Action and the Duty of Fair Representation*

The cause of action in this case arises out of both §301 of the LMRA, which governs the employer's obligation to honor the CBA, and the judicially-created doctrine of the union's duty of fair representation ("DFR"). 29 U.S.C. §185; *Vaca v. Sipes*, 386 U.S. 171, 177-179 (1967). This is commonly referred to as a "hybrid § 301/DFR" action. For a plaintiff to prevail in a hybrid §301 action, he "must not only show that [his] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the union." *Delcostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983). The duty of fair representation is a judicially-created obligation derived from §8(b) and §9(a) of the LMRA which authorizes unions to act as the exclusive representative of all the employees in the collective bargaining

process. 29 U.S.C. §158(b) & §159(a); *Air Line Pilots Ass'n, Int'l v. O'Neill, et. al.*, 499 U.S. 65 (1991). These two elements <u>must</u> be established before a plaintiff is entitled to any relief under §301. *Findley v. Jones Motor Freight*, 639 F.2d 953, 957 (3d Cir. 1981).

In this hybrid action, the failure of either claim is fatal to the entire action. *See Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993) (claims in a hybrid action are inextricably interdependent, and both claims fail if either is defective). Thus, even if Plaintiff's Complaint set forth sufficient allegations that the employer's actions violated the CBA, he still has the burden of showing that the Union breached their Duty of Fair Representation. To establish that the Union breached its DFR, Plaintiff must put forth evidence that the Union's actions were "arbitrary, discriminatory, or in bad faith."[4] *Vaca*, 386 U.S. at 190.

### b. *Arbitrary Acts*

The U.S. Supreme Court has defined "arbitrary" conduct by a union in the DFR context as treatment of a member's grievance that can be fairly characterized as so far outside a wide range of reasonableness that it is wholly irrational . . . [i.e.,] when it is without a rational basis or explanation." *Marquez v. Screen Actors Guild, Inc., et al.*, 525 U.S. 33, 45 (1998) (*citing O'Neill*, 499 U.S. at 78 – 81). A union is granted broad discretion in determining how to deal with an employee's grievance with an employer. *Chauffeurs v. Terry*, 494 U.S. 558, 567-68 (1990). "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational". *Air Line Pilots Ass'n,* 499 U.S. at 67; *citing Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953). "This wide range of reasonableness gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong."

---

[4] Throughout their Amended Complaint, Plaintiff erroneously states that the Plaintiff was entitled to fair and actual representation. Dkt. 19 at ¶¶54 – 55. This is not the legal standard for DFR cases, as shown above.

*Marquez*, 525 U.S. at 45. In this regard, "mere negligence" by the Union in its enforcement of a collective bargaining agreement does "not state a claim for breach of the duty of fair representation." *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372-373 (1990); *see also*, *Barr v. United Parcel Service, Inc.*, 868 F.2d 36, 43 – 44 (2d Cir. 1989) ("even negligence on the union's part does not give rise to a breach.").

Plaintiff alleges that he did not receive "fair and adequate" union representation at the February 25, 2016 meeting. Besides the fact that this is the wrong standard, the allegations in Plaintiff's own complaint contradict this bold claim. Plaintiff's Complaint clearly shows that Martin represented and defended the Plaintiff on behalf of the Union. Dkt. 19 at ¶¶39 – 45. Simply adding the word "arbitrarily" to two sentences in the Amended Complaint does nothing to buttress the insufficiency of the allegations. It adds no facts to support the allegation and is nothing more than an attempt to plead a legal conclusion. "[P]laintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff fails to state a claim upon which relief can be granted. He fails to set forth even one fact that the union's actions were "arbitrary." When the legal conclusions are stripped away, it is plain to see that Plaintiff's complaint must be dismissed. Taken on its face, Plaintiff pleads no new facts in the amended complaint and still fails to plead the appropriate standard. There are no facts in the Complaint that suggest that the union's actions were "so far outside a wide range of reasonableness as to be irrational." *Airline Pilots Ass'n supra* at 67.

As determined by the court in *Centrella*, where a Plaintiff's claim is not specific, not factual, and is contradicted by his own exhibits, it may be discarded in a Motion to Dismiss. 633

F. Supp. at 1018-1019. Plaintiff's Complaint fails to set forth any allegations that Defendant Union's conduct was so far outside a wide range of reasonableness as to be wholly irrational. Thus, Plaintiff has no facts to demonstrate that the Union's actions were arbitrary.

### c. Discriminatory Acts or Acts in Bad Faith

"A union's acts are discriminatory when 'substantial evidence' indicates that it engaged in acts that were "intentional, severe, and unrelated to legitimate union objectives." *Vaughn v. Airline Pilots Ass'n Int'l*, 604 F.3d 703, 709 (2d. Cir. 2010), *citing Amalgamated Ass'n of St., Elex., Ry. & Motor Coach Employees of Am. v. Lockridge*, 403 U.S. 274, 301 (1971).

Proof of bad faith requires "a showing of fraudulent, deceitful, or dishonest action" by the union. *White v. White Rose Food*, 237 F.3d 174, 179 (2d. Cir. 2001). "A union acts in bad faith when it acts with an improper intent, purpose or motive . . . . Bad faith encompasses fraud, dishonesty, and other intentionally misleading conduct. *Spellact v. Airline pilots Ass'n, Int'l*, 156 F.3d 120, 126 (2d. Cir. 1998).

In the instant case, Plaintiff's Complaint does not allege that the Union acted in a discriminatory manner or in bad faith. To the contrary, Plaintiff's Complaint contains no allegations that any union representative engaged in acts that were intentional, severe, or unrelated to legitimate union objectives. Further, Plaintiff's Complaint does not allege any claims that the Union committed fraud, acted dishonestly, or intentionally mislead him. The Complaint sets forth no allegations of discrimination or bad faith on behalf of the Union.

### V.    CONCLUSION

In view of the foregoing, Plaintiff's Complaint must be dismissed with prejudice for the following reasons:

- Plaintiff's Complaint is time barred under the LMRA's six (6) month statute of limitations.

- Plaintiff's Complaint fails to set forth allegations that the Union's acts were so far outside a wide range of reasonableness to be considered arbitrary.

- Plaintiff's Complaint fails to set forth allegations that the Union's acts were so intentional, severe, or unrelated to legitimate union objectives to be considered discriminatory.

- Plaintiff's Complaint fails to set forth allegations that the Union acted with an improper intent, purpose or motive to be considered acting in bad faith.

Even when the Amended Complaint is viewed in the most favorable light, Plaintiff does not meet his burden of proof in pleading the sufficient factual averments and even fails to use the appropriate standard in asserting a DFR claim against the Defendants. The Complaint fails to set forth any factual allegations that the Union acted arbitrarily, discriminatorily, or in bad faith in its representation of Plaintiff. Additionally, Plaintiff's claim is time-barred because it was not filed within the six-month statute of limitations mandated by the LMRA. For all of the foregoing reasons, it is respectfully requested that Plaintiff's Complaint be dismissed with prejudice.

Respectfully Submitted,

**GALFAND BERGER, LLP**

BY:    _/s/ Debra A. Jensen_____

DEBRA A. JENSEN, ESQUIRE
MICHAEL W. McGURRIN, ESQUIRE
1835 Market Street, Suite 2710
Philadelphia, PA  19103
(215) 665-1600
Fax:  (215) 564-2262
**Attorneys for Defendants**
**djensen@galfandberger.com**
**mmcgurrin@galfandberger.com**

**DATED:  11/30/2016**

11

## CERTIFICATE OF SERVICE

I, Debra A. Jensen, Esquire, hereby certify that on this 30th day of November, 2016, a

true and correct copy of the foregoing Defendant United Steel, Paper & Forestry, Rubber,

Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO,

CLC and Defendant United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied

Industrial and Service Workers International Union, AFL-CIO, Local Union 4889-08's Motion

to Dismiss has been filed electronically and is available for viewing and downloading from the

ECF system and was served via electronic notification upon the following:

Matthew B. Weisberg, Esquire
Weisberg Law, PC
7 South Morton Avenue
Morton, PA 19070
**Attorney for Plaintiff**

Jonathan Landesman, Esquire
Joshua A. Brand, Esquire
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
**Attorneys for Defendant Coilplus, Inc.**

Respectfully submitted,

**GALFAND BERGER, LLP**

BY: _/s/ Debra A. Jensen_____
DEBRA A. JENSEN, ESQUIRE
MICHAEL W. McGURRIN, ESQUIRE
1835 Market Street, Suite 2710
Philadelphia, PA  19103
(215) 665-1600
Fax:  (215) 564-2262
**Attorneys for Defendants**
**DATED: 11/30/2016**    djensen@galfandberger.com
mmcgurrin@galfandberger.com