UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID BROWN, SR.** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION** |
| : | |
| v. : | |
| : | **NO. 2:16-cv-04746-GAM** |
| **COILPLUS-PENNSYLVANIA, INC.,** *et al.* : | |
| : | |
| **Defendants.** : | |
| : | |

# DEFENDANT COILPLUS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS <u>PLAINTIFF'S AMENDED COMPLAINT</u>

Jonathan Landesman, Esquire
Joshua A. Brand, Esquire
**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.**
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
Phone: (215) 564-1700
Fax:     (215) 564-3066
Email: jlandesman@cohenseglias.com
            jbrand@cohenseglias.com

Dated:  November 30, 2016

*Attorneys for Defendant,
Coilplus, Inc.*

I.     **INTRODUCTION**

Former employee David Brown, Sr. ("Plaintiff") commenced this action by filing a Complaint on September 1, 2016 against Defendants Coilplus, Inc. ("Coilplus"),[1] the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("United Steelworkers"), and the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, Local Union #4889-08 ("Local 4889-08") (collectively, the United Steelworkers and Local 4889-08 are referenced as the "Union").  In the Complaint, Plaintiff asserted claims against Coilplus for breach of contract and wrongful termination in connection with his termination from employment and against the Union for breach of duty of fair representation.

On October 13, 2016, Coilplus filed a Motion to Dismiss Plaintiff's Complaint on the bases that: (1) Plaintiff's state law claims against Coilplus arising out of the CBA are completely preempted by federal law, specifically Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"); and (2) Plaintiff's complaint was barred by the six-month statute of limitations prescribed by the LMRA.  Instead of filing a response to the Motion to Dismiss, Plaintiff filed an Amended Complaint on November 16, 2016.  In the Amended Complaint, Plaintiff has failed to identify the LMRA as the statutory basis for his claims against Coilplus and the Union.

Plaintiff has also failed to set forth any facts that address the untimeliness of his claims.  According to Plaintiff's complaint, all of the facts that are the basis for his claim against Coilplus were learned by Plaintiff on February 5, 2016 and as against the Union on February 25, 2016.

---

[1] Plaintiff has incorrectly named the Defendant as "Coilplus-Pennsylvania, Inc." in the caption of his complaint.

Plaintiff did not initiate a civil action until September 1, 2016, thereby making his claims barred by the six-month statute of limitations prescribed by the LMRA. It appears that Plaintiff has attempted, through the Amended Complaint, to extend the accrual date for the statute of limitations period by alleging that on March 7 or March 9 of 2016, he learned that the facts which are the basis for his claims constitute a legal wrong. As discussed below, any such proposition is flatly contradicted by settled Third Circuit precedent. Therefore, Coilplus respectfully renews its Motion to Dismiss and requests that the Amended Complaint be dismissed with prejudice.

## II.     PROCEDURAL HISTORY

On September 1, 2016, Plaintiff commenced a civil action in this Court by filing a Complaint. Coilplus was served with the Complaint on September 8, 2016. Coilplus timely filed its Motion to Dismiss the Complaint. On November 16, 2016, Plaintiff filed an Amended Complaint in response to Coilplus' Motion to Dismiss. Coilplus now respectfully submits this Brief in support of its Motion to Dismiss Plaintiff's Amended Complaint.

## III.    FACTUAL BACKGROUND[2]

Plaintiff began working for Coilplus on or about August 3, 2011. (Pl. Am. Compl. ¶9). Plaintiff was a member of Local 4889-08 to which he paid ongoing membership fees. (*Id.* at ¶10). In December of 2015, Plaintiff was assigned to a temporary job of Headsetter. (*Id.* at ¶12). Plaintiff alleges that his "temporary job title was supposed to be thirty (30) days per the Collective Bargaining Agreement." (*Id.* at ¶15). Despite that Plaintiff had previously worked

---

[2] Although many of the facts alleged in Plaintiff's complaint are disputed, consistent with the applicable legal standard, the well-pleaded factual allegations in the complaint are accepted as true for the purposes of the Court's consideration and resolution of Coilplus' Motion to Dismiss. *See, e.g., Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, as discussed in this section, some of the facts alleged by Plaintiff are controverted by the exhibits attached to his Amended Complaint and cited therein.

3

and trained as a Headsetter, Plaintiff states that he was unable to perform the job efficiently and without making mistakes. (*Id.* at ¶¶13, 16). Plaintiff informed plant supervisor, Mike Onody ("Onody"), and head supervisor, Richard Gorman, of his inadequacy for the job and was told by Onody that he would "be at his usual position in no time." (*Id.* at ¶14).

On January 29, 2016, Plaintiff received a written warning for poor work performance. (*Id.* at ¶27; *see also* Jan. 29, 2016 Disciplinary Form, Exhibit B to Am. Compl.). On February 3, 2016, Plaintiff received another written warning for poor work performance. (*Id.* at ¶28; *see also* Feb. 3, 2016 Disciplinary Form, Exhibit C to Am. Compl.). Plaintiff alleges that he "made another mistake at work" on February 5, 2016 that led to a five (5) day suspension "pending termination" and references the Coilplus Pennsylvania Disciplinary Form ("Disciplinary Form") attached as Exhibit D to the Amended Complaint. (*Id.* at ¶¶ 34-35). According to that form, Plaintiff was notified that he was being terminated for poor work performance and insubordination, and specifically failing to follow a direct order. (*See* Exhibit D attached to Am. Compl.). This accords with the discharge procedures set forth in the CBA, attached as Exhibit A to the Amended Complaint, which provide in relevant part:

> No employee shall be peremptorily discharged. In all cases in which the Company may conclude that employee's conduct may justify suspension or discharge, he shall first be suspended not more than five (5) plant working days. Written confirmation of the suspension shall be issued during the suspension period with a copy furnished to a member of the Grievance Committee as soon as possible.

(S*ee* CBA at Exhibit A to Am. Compl., Art. 9, Sec. 1). The Disciplinary Form cited violations of Coilplus Rule Numbers 3 and 30.

"About two (2) weeks later," Plaintiff was contacted by a Union representative and given two options: (1) "forget the job and collect unemployment;" or (2) "attend a hearing." At the same time, however, Plaintiff was told he could not collect unemployment "during arbitration." (*Id.* at ¶ 37). On February 25, 2016, a hearing on Plaintiff's termination was held and attended

by Plaintiff, Onody, and the head of the union, Brian Martin ("Martin"). (*Id.* at ¶¶ 38-39). Martin, "without any rationale or strategic reasons," instructed the hearing to go forward without Plaintiff's union representative. (*Id.* at ¶39). The meeting then "became an exchange" of inappropriate language between Onody and Martin who lodged various accusations at each other. (*Id.* at ¶43). The hearing ended "abruptly without Martin effectively arguing Plaintiff's matter." (*Id.* at ¶ 45). On March 4, 2016, Plaintiff was notified that he had lost the hearing and was terminated. (*Id.* at ¶¶45-46). On March 7, 2016, Plaintiff talked with a former co-worker who informed Plaintiff that he was improperly represented at the February 25, 2016 hearing, and that Plaintiff was misled by the Union into believing that he was not allowed to collect unemployment benefits. (*Id.* at ¶47). On March 9, 2016, Plaintiff alleges that he contacted Gorman to obtain a copy of the Collective Bargaining Agreement, at which point Gorman informed Plaintiff, "[y]ou were not properly represented at the hearing . . . You should sue." (*Id.* at ¶ 49). Plaintiff claims that he learned of his deprivation of fair representation during the March 7 conversation with Robinson and his receipt of "supporting documentation" on March 9. (*Id.* at ¶ 51).

## IV. ARGUMENT

### A. Legal Standard Under Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims in a complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and this statement must "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Ultimately, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," in order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

It is well established that, when evaluating a motion to dismiss, the court must accept as true only the well-pleaded allegations of fact in a complaint, together with those reasonable inferences that may be drawn therefrom. *See Phillips*, 515 F.3d at 231 (3d Cir. 2008). Critically, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In *Fowler v. UPMC Shadyside*, the Third Circuit directed district courts to conduct a two-part analysis under this pleading standard. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. *Id.* The court "must accept all of the complaint's well-pleaded facts as true, but may disregard legal conclusions." *Id.* at 210-11. Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Iqbal*, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips*, 515 F.3d at 234-35).

### B. <u>Plaintiff's Claims Are Hybrid Claims Governed By Section 301 of the LMRA</u>

In the Amended Complaint, Plaintiff asserts Count I as a claim for Breach of Duty of Fair Representation against the Union and Count II for Breach of the Collective Bargaining Agreement against Coilplus. Plaintiff has failed to re-plead his claims as a hybrid claim under the LMRA. Therefore, Defendant renews its Motion to Dismiss on the basis that Plaintiff's complaint is preempted by Section 301 of the LMRA.

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce [ ] may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). In *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the Supreme Court explained that the central question in determining when a state law cause of action is preempted by the LMRA is whether state law "confers nonnegotiable state-law rights on employers or employees independent of any right established by the contract, or instead, whether evaluation of the [state law] claim is inextricably intertwined with consideration of the terms of the labor contract." *Id.* at 23. *See also*, *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (defining standard further and stating that "if resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law… is preempted and federal labor law principles… must be employed to resolve the dispute"). A claim that involves the interpretation of a collective bargaining agreement falls squarely within the preemption principles of the LMRA. *See, e.g., Beidleman v. The Stroh Brewing Co.*, 182 F.3d 225, 231-32 (3d Cir. 1999) (citing *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) and *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962) ("any state law cause of action for violation of a collective bargaining agreement is entirely preempted by Section 301 of the LMRA")); *Shanefelter v. United States Steel Corp.*, 784 F. Supp. 2d 550, 559 (W.D. Pa. 2011).

Furthermore, "[s]uits against both an employer for failing to honor a collective bargaining agreement and a union for failing to provide representation [are commonly referred to as] 'hybrid' suits [and] are governed by Section 301 of the LMRA." *Denao, v. Service*

*Employees International Union, Local 32BJ*, 2014 WL 2611193, *2 (E.D.Pa. 2014); *see also, Service Employees Intern. Union Local 36, AFL–CIO v. City Cleaning Co., Inc.*, 982 F.2d 89, 94 (3d Cir. 1992) (describing hybrid claims as claims based on employer's breach of a collective bargaining agreement and union's breach of the duty of fair representation).

Here, Plaintiff's Amended Complaint has been brought against Coilplus (the employer) for allegedly failing to honor a collective bargaining agreement and against the Union for allegedly failing to provide fair representation. Accordingly, Plaintiff's claim against Coilplus and the Union is a "hybrid claim" governed by Section 301 of the LMRA.

### C. <u>Plaintiff's Hybrid Claim Is Barred by the Statute of Limitations</u>

Third Circuit law allows a statute of limitations defense to be raised by a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Denao*, 2014 WL 2611193 at *3 (citing *Hanna v. U.S. Veteran's Admin. Hosp.,* 514 F.3d 1092, 1094 (3d Cir.1975)). Even if Plaintiff's claims had been properly pleaded as a Section 301 claim, they are barred under the six-month statute of limitations prescribed by the LMRA. Hybrid claims are subject to a strict six month statute of limitations. *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 164-65, 103 S.Ct. 2281, 2290-91, 76 L.Ed.2d 476 (1983); *Service Employees Int'l Union Local 36*, 982 F.2d at 94; *Metropolitan District Council of Philadelphia & Vicinity v. A. Pomerantz & Co.,* 1995 WL 428658, at *1 (E.D. Pa. 1995). With respect to when a hybrid claim accrues, the inquiry is two-fold: (1) when did the Plaintiff know, or should have known, that the employer breached the collective bargaining agreement; and (2) when did the Plaintiff know, or should have known, that the Union breached its duty of fair representation. *Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990) (citations omitted). The statute of limitations for a hybrid action accrues "when the claimant discovers, or in the exercise of reasonable diligence should have discovered,

the acts constituting the alleged violation." *Hersh v. Allen Products Co.,* 789 F.2d 230, 232 (3d Cir. 1986); *see also Denao*, 2014 WL 2611193 (E.D. Pa. 2013) (*quoting Podobnik v. US Postal Svc.,* 409 F.3d 584, 593 (3d Cir. 2005)); *see also Downey v. United Food and Commercial Workers Union, Local 1262,* 946 F.Supp. 1141, 1153 (D.N.J. 1996); *Pivalis v. Lockheed Martin Corp.,* 2013 WL 1164498, *6, fn 10 (D. N.J. 2013).

In *Denao* for example, the plaintiff brought a hybrid action alleging, in part, that his union failed to represent him at his grievance arbitration hearing by not advancing an argument related to the employer's disciplinary procedures. *Denao,* 2014 WL 2611193 at *1. The court held that the plaintiff knew or should have known of the union's "wrongdoing" on the date of the arbitration hearing, or when the alleged failure occurred. *Id.* at *3. Since the plaintiff had filed his lawsuit more than six months after the date of his hearing, the court held that the hybrid action was barred by the statute of limitations. *Id.* at *3. Similarly, in *Carrington*, the conduct that was the subject of the plaintiff's hybrid action was the union's "failure to assist the plaintiff with filing a grievance or otherwise advocate for plaintiff's position in connection with his termination." *Carrington,* 762 F.Supp. at 639. The court found that this failure on the part of the union should have been discoverable to the plaintiff immediately upon his termination. *Id.* Since the plaintiff had brought his claim more than six months beyond that date, the court held that his complaint was barred by the statute of limitations. *Id.* Thus, the date on which the limitations period begins to run is the date on which Plaintiff was made aware of the conduct that forms the basis of the complaint.

The basis for Plaintiff's complaint against Coilplus is its alleged "wrongful discharge" of Plaintiff. According to Paragraphs 34-35 of the Amended Complaint and Exhibit D attached thereto, Plaintiff was made aware of this action on February 5, 2016. The basis for Plaintiff's

9

claim against the Union is the Union's failure to adequately represent Plaintiff at the February 25, 2016 hearing. All of the facts supporting Plaintiff's claim against the Union in that regard were brought to Plaintiff's attention on February 25, 2016. Specifically, Plaintiff alleges that *on February 25, 2016*, Brian Martin, "without any rationale or strategic reasons, instructed the hearing to proceed without Plaintiff's Union representative." (Am. Compl., ¶39). Plaintiff also alleges that *on February 25, 2016*, the hearing devolved into an "exchange" of insults between Martin and Onody. (*Id.* at ¶ 43). Plaintiff also alleges that *on February 25, 2016*, the hearing ended "abruptly without Martin effectively arguing Plaintiff's matter." (*Id.* at ¶ 45). Based on these allegations, there can be no question that Plaintiff was aware of all of the facts necessary to bring his cause of action on February 25, 2016.

It appears from the Amended Complaint that Plaintiff is attempting to extend the accrual date of the statute of limitations with his allegation that he "learned of the deprivation during the March 7, 2016 conversation with Robinson and obtained the supporting documentation on March 9, 2016." (*Id.* at ¶ 51). However, Plaintiff does not allege that he learned of any new facts on March 7 or March 9 that are material to his hybrid claim. Instead, Plaintiff merely alleges that through his conversations with other individuals who were not present at the February 25 meeting, he learned that the Union breached its duty of fair representation, and of his ability to bring a lawsuit. However, as the Third Circuit has firmly established, the statutory period begins to run on the date when Plaintiff is aware of the facts that are the basis for his alleged injury, <u>not</u> the date when Plaintiff was made aware that his injury constitutes a legal wrong. *Oshiver v. Levin, Fishbein, Sedran, & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994) (*citing Keystone Insurance Co. v. Houghton,* 863 F.2d 1125, 1127 (3d Cir. 1988); *New Castle County*, 111 F.3d at 1125. There is no question that Plaintiff was aware of those facts on

February 25, 2016. Plaintiff did not initiate this civil action until September 1, 2016, more than six months after those dates. Accordingly, Plaintiff's claims are barred by the six-month statute of limitations prescribed by the LMRA.

> D. **Plaintiff's Claims Against Coilplus Should be Dismissed Because Plaintiff Has Failed to State a Cause of Action For Breach of the Duty of Fair Representation Against The Union**

Plaintiff's hybrid action fails on the additional basis that Plaintiff has failed to allege a valid claim for breach of the duty of fair representation against the Union. As set forth in extensive detail in the Union's motion to dismiss, Plaintiff's claim against the Union for breach of the duty of fair representation is flawed and warrants dismissal as a matter of law. In a hybrid action, the failure of either claim is fatal to the entire action. *See Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993) (claims in hybrid action are "inextricably interdependent," and both claims fail if either is defective) (citing *United Parcel Serv., Inc. v. Mitchell,* 451 U.S. 56, 66-67, 101 S.Ct. 1559, 1565-66, 67 L.Ed.2d 732 (1981) and *DelCostello,* 462 U.S. at 164-65. *See also Nemsky v. ConocoPhillips Co.*, 574 F.3d 859, 864 -865 (7th Cir. 2009) (holding the same). Therefore, Plaintiff's failure to state a claim for breach of the duty of fair representation, standing alone, provides this Court a sufficient basis upon which to dismiss both of Plaintiff's hybrid claims, including but not limited to Plaintiff's claims against Coilplus.

## V. CONCLUSION

Based upon the foregoing, it is respectfully requested that Plaintiff's Amended Complaint be dismissed with prejudice as to Coilplus.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.**

Dated: November 30, 2016    <u>*/s/ Jonathan Landesman, Esquire*</u>
**JONATHAN LANDESMAN, ESQUIRE
JOSHUA A. BRAND, ESQUIRE**
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
Phone: (215) 564-1700
Fax:    (215) 564-3066
Email: jlandesman@cohenseglias.com
             jbrand@cohenseglias.com

*Attorney for Defendant,
Coilplus-Pennsylvania, Inc.*

# **CERTIFICATE OF SERVICE**

I, Joshua A. Brand, Esquire, hereby certify that on this 30th day of November, 2016, a true and correct copy of the foregoing Defendant Coilplus, Inc.'s Motion to Dismiss has been filed electronically and is available for viewing and downloading from the ECF system and was served via electronic notification upon the following:

Matthew B. Weisberg, Esquire
Weisberg Law, PC
7 South Morton Avenue
Morton, PA 19070
*Attorney for Plaintiff*


Debra A. Jensen, Esquire
Michael McGurrin, Esquire
Galfand Berger, L.L.P.
1835 Market Street, Suite 2710
Philadelphia, PA 19103
*Attorneys for Defendants,*
United Steel, Paper & Forestry,
Rubber, Manufacturing, Energy, Allied Industrial and
Service Workers International Union,
AFL-CIO, CLC, Local Union #4889-08


                  */s/ Joshua A. Brand, Esquire*
                  **JOSHUA A. BRAND, ESQUIRE**