UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID BROWN, SR.** | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : |
| | : NO. 2:16-cv-04746-GAM |
| **COILPLUS-PENNSYLVANIA, INC.,** *et al.* | : |
| Defendants. | : |

# DEFENDANT COILPLUS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Jonathan Landesman, Esquire
Joshua A. Brand, Esquire
**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.**
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
Phone: (215) 564-1700
Fax:     (215) 564-3066
Email: jlandesman@cohenseglias.com
            jbrand@cohenseglias.com

Dated:  January 17, 2017

*Attorneys for Defendant,
Coilplus, Inc.*

I.  **INTRODUCTION**

Defendant Coilplus, Inc. submits this reply brief in further support of its Motion to Dismiss Plaintiff's Amended Complaint, and to specifically respond to (a) Plaintiff's argument that his claim against Coilplus began to accrue on March 4, 2016 and (b) Plaintiff's argument that the statute of limitations does not begin to run on a Section 301 claim until the administrative process is concluded.

First, any reasonable interpretation of Plaintiff's complaint, and the exhibits attached thereto, demonstrates that Plaintiff was notified of his termination on February 5, 2016. Specifically, Plaintiff alleges that on February 5, 2016, he made his "final mistake at work" and that he received a notice (appended to his complaint as Exhibit "D") that he was being suspended five (5) days pending termination. *Pl. Am. Compl. ¶¶* 34-35. Thereafter, Plaintiff, through his union, appealed his termination and Plaintiff learned on March 4, 2016 that the appeal was unsuccessful. Because Plaintiff learned of the alleged unlawful employment action that was taken against him by Coilplus on February 5, 2016 –which forms the basis of his complaint against Coilplus – the statute of limitations on Plaintiff's claim against Coilplus began to run on February 5, 2016.

The date on which the statute of limitations began to run on Plaintiff's claim against the Union is February 25, 2016. As discussed in Coilplus' Motion, it was on that date when Plaintiff alleges the Union failed to adequately represent him at the grievance hearing on his termination. Plaintiff's assertion that the limitations period on a Section 301 claim is tolled until the date on which the administrative process is concluded is without support. Because Plaintiff filed this complaint more than six (6) months after February 25, 2016, Plaintiff's complaint is barred by

the six-month statute of limitations prescribed by Section 301 of the Labor Management Relations Act ("LMRA").

## II. LEGAL ARGUMENT

   a. *The Statute of Limitations on Plaintiff's Claim Against Coilplus Began to Run on February 5, 2016.*

It is well-settled that the statute of limitations begins to run upon the occurrence of the alleged unlawful employment practice. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994). In the context of an employment claim where an employee is challenging his termination, the operative date is the date on which the employee is notified of the termination decision. *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 191 (3d Cir. 1977) (statute of limitations begins to run on date employee told he was being fired not date when termination took effect) (ADEA case); *McGuckin v. Brandywine Realty Trust*, 185 F.Supp.3d 600, 610 (E.D. Pa. 2016) ("A decision to terminate made in advance of the date of actual termination is a discriminatory act and the time to file begins to run from when the employee becomes aware of the unlawful decision to terminate") (*citing Watson v. Eastman Kodak Co.*, 235 F.3d 851, 856 (3d Cir. 2000))

According to Plaintiff's complaint and attached exhibits, Plaintiff was notified that he was being terminated by Coilplus on February 5, 2016 due to his violation of Coilplus' policies. It is the decision that is communicated in the February 5, 2016 notice that is the basis for Plaintiff's complaint against Coilplus. Therefore, the statute of limitations on Plaintiff's Section 301 claim against Coilplus began to run on February 5, 2016.

> b. *The Statute of Limitations on Plaintiff's Claim Against the Union Began to Run on February 25, 2016.*

According to Plaintiff's complaint, it was at the February 25, 2016 hearing at which the Union allegedly failed to adequately represent him. Plaintiff attempts to rely upon the Third Circuit decisions, *Podobnik v. U.S. Postal Service*, 409 F.3d 584 (3d Cir 2005) and *Vadino v. A. Valey Engineers*, 903 F.2d 253 (3d Cir. 1990) to suggest that his claim could not have accrued until the administrative process concluded, which, according to Plaintiff, was the date when he learned that the Union's grievance over his termination had been unsuccessful. In *Podobnik*, the Third Circuit Court of Appeals acknowledged the general and well-settled rule that the statute of limitations in a Section 301 claim begins to accrue "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Podobnik*, 409 F.3d at 593. Contrary to Plaintiff's argument, the court did not state that the limitations period is tolled until the date when the administrative process challenging the employer's action has concluded. *Id.* (responding to Appellant's argument that statute of limitation may be tolled if plaintiff in good faith attempt to exhaust the applicable grievance procedures: "we need not reach the question of tolling the statute of limitation period.").

In *Vadino*, the basis for the plaintiff's claim against the Union was that it had failed to pursue a grievance on his behalf. *Vadino*, 903 F.2d at 262. The court stated that the statute of limitations period begins to accrue when "the plaintiff receives notice that the union will proceed no further with the grievance." *Vadino*, 903 F.2d at 260. The court did not articulate a departure from the settled rule that the statute of limitations begins to run when the plaintiff first becomes aware of the facts supporting his claim. *See Denao v. Service Employees Intern. Union, Local 32*

*BJ*, 2014 WL 2611193, *3 ("Third Circuit jurisprudence is clear that, in a "hybrid action like Plaintiff's against both his employer and his union, the six-month statute of limitations begins to run <u>the moment that the plaintiff "knows or reasonably should have known of the acts contributing to the Union's wrongdoing failing to adequately represent the member's interests.</u>"); (*quoting Podobnik*, 409 F.3d at 539)) (emphasis added). Rather, the *Vadino* Court addressed a situation that was entirely distinct from the one presented in the instant case, *i.e.* the Union's failure to pursue a grievance on the plaintiff's behalf. Plaintiff does not contend that the Union refused or failed to pursue a grievance on his behalf. On the contrary, the complaint clearly asserts that Union represented him at a hearing to challenge his termination, which took place on <u>February 25, 2016</u>. *Pl. Am. Compl.* at ¶¶ 37-38. Plaintiff's Section 301 claim against the Union is based entirely upon the events that occurred at the February 25 hearing. *Pl. Am. Compl.* at ¶¶ 39, 41, 43, and 51. Accordingly, Plaintiff's complaint against the Union began to accrue on February 25, 2016, or more than six (6) months before he pursued this action. Therefore, Plaintiff's Section 301 claim is time-barred.

### III. <u>CONCLUSION</u>

Based upon the foregoing, Plaintiff's complaint is barred by the six-month statute of Limitations prescribed by the LMRA.

[SIGNATURE PAGE TO FOLLOW]

5

Respectfully submitted,

**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.**

Dated:  January 18, 2017 */s/ Joshua A. Brand, Esquire*
**JONATHAN LANDESMAN, ESQUIRE
JOSHUA A. BRAND, ESQUIRE**
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA  19103
Phone: (215) 564-1700
Fax:    (215) 564-3066
Email: jlandesman@cohenseglias.com
            jbrand@cohenseglias.com

*Attorney for Defendant,
Coilplus-Pennsylvania, Inc.*

## CERTIFICATE OF SERVICE

I, Joshua A. Brand, Esquire, hereby certify that on this 18th day of January, 2017, a true and correct copy of the foregoing Defendant Coilplus, Inc.'s Reply Brief in Support of its Motion to Dismiss has been filed electronically and is available for viewing and downloading from the ECF system and was served via electronic notification upon the following:

Matthew B. Weisberg, Esquire
Weisberg Law, PC
7 South Morton Avenue
Morton, PA 19070
*Attorney for Plaintiff*

Debra A. Jensen, Esquire
Michael McGurrin, Esquire
Galfand Berger, L.L.P.
1835 Market Street, Suite 2710
Philadelphia, PA 19103
*Attorneys for Defendants,*
United Steel, Paper & Forestry,
Rubber, Manufacturing, Energy, Allied Industrial and
Service Workers International Union,
AFL-CIO, CLC, Local Union #4889-08

*/s/ Joshua A. Brand, Esquire*
**JOSHUA A. BRAND, ESQUIRE**