UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BROWN, SR.<br><br>Plaintiff<br><br>-vs-<br><br>COILPLUS-PENNSYLVANIA, INC.<br>-and-<br>UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, LOCAL UNION # 4889-08<br>-and-<br>UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC<br>Defendants | NO. 2:16-cv-04746-GAM<br><br>CIVIL ACTION |

**DEFENDANT UNIONS' REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I.  INTRODUCTION

Union Defendants submit this reply brief in further support of their Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff's Amended Complaint does not contain even one factual averment in support of his Duty of Fair Representation ("DFR") claim against Union Defendants as required by the guiding case of Vaca v. Sipes, 386 U.S. 171, 190 (1967). Having failed to plead required facts in his first two Complaints, Plaintiff cannot justify how a Second Amended Complaint would cure the glaring deficiencies in his prior pleadings. Because Plaintiff

has not and cannot state facts to support a claim against Union Defendants, his Amended Complaint must be dismissed.

II. ARGUMENT

**A. Motion to Dismiss Standard Under the LMRA**

Plaintiff's Complaint contains no factual allegations to meet the requirements set forth in Twombly/Iqbal. Of note, Plaintiff himself does not cite to a single factual averment in his Amended Complaint to argue that he has met the Twombly/Iqbal standards. As set forth below, legal conclusions absent supporting facts are not sufficient.

A pleading must include plausible factual allegations concerning all material elements of a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint that provides only labels and conclusions or a formulaic recitation of the elements without sufficient supporting facts is insufficient to show grounds for Plaintiff to be entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In a duty of fair representation claim under §301 of the Labor Management Relations Act ("LMRA"), Plaintiff must allege facts to show that the Union acted arbitrarily, discriminatorily, or in bad faith. Vaca, 386 U.S. at 190. If a Plaintiff provides enough facts to call the Defendants' attention to an incident but fails to show the Court how the incident was the result of wrongdoing, Defendants may obtain judgment on the pleadings. Iqbal, 556 U.S. at 679. Plaintiff can no longer avoid dismissal by insisting there is a hypothetical set of facts that would allow recovery. Twombly, 550 U.S. at 561 - 62. A complaint has to show an entitlement to relief with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff's Amended Complaint is noteworthy in its continued absence of factual allegations. The only significant change between Plaintiff's original Complaint and his Amended Complaint is the addition of legal conclusions in Plaintiff's Amended Complaint. Said differently, Plaintiff's contention that he has stated a claim under the LMRA does not make it so. With two opportunities, Plaintiff has pled absolutely no facts to support a DFR claim against Union Defendants. Union Defendants suggest that Plaintiff cannot meet the mandates of Twombly/Iqbal and his Complaint must be dismissed. Since the Plaintiff is unable to show an entitlement to relief under §301 of the LMRA, Defendants' Motion to Dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) should be granted.

### B. Futility of Plaintiff's Proposed Second Amended Complaint

Plaintiff's Amended Complaint amply demonstrates that he has no facts to support his DFR claim against Union Defendants; thus, another pleading opportunity would be futile. Forman v. Davis, 371 U.S. 178, 182 (1962). Plaintiff has had ample time to meet the standards set forth in Twombly/Iqbal and cannot state a compelling reason that a Second Amended Complaint would correct continuing deficiencies.

III. CONCLUSION

Based on the foregoing, Plaintiff's Amended Complaint must be dismissed.

Respectfully Submitted,

**GALFAND BERGER, LLP**

BY: /s/ Debra A. Jensen
DEBRA A. JENSEN, ESQUIRE
MICHAEL W. McGURRIN, ESQUIRE
**Attorneys for Defendants**

**DATED: 1/24/2017**

## CERTIFICATE OF SERVICE

I, Debra A. Jensen, Esquire, hereby certify that on this 24th day of January, 2017, a true and correct copy of the foregoing Defendant United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC and Defendant United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, Local Union 4889-08's Reply Brief in Support of their Motion to Dismiss has been filed electronically and is available for viewing and downloading from the ECF system and was served via electronic notification upon the following:

> Matthew B. Weisberg, Esquire
> Weisberg Law, PC
> 7 South Morton Avenue
> Morton, PA 19070
> **Attorney for Plaintiff**

> Jonathan Landesman, Esquire
> Joshua A. Brand, Esquire
> United Plaza, 19th Floor
> 30 South 17th Street
> Philadelphia, PA 19103
> **Attorneys for Defendant Coilplus, Inc.**

> Respectfully submitted,
>
> **GALFAND BERGER, LLP**
>
> BY: _/s/ Debra A. Jensen_
> DEBRA A. JENSEN, ESQUIRE
> MICHAEL W. McGURRIN, ESQUIRE
> 1835 Market Street, Suite 2710
> Philadelphia, PA 19103
> (215) 665-1600
> Fax: (215) 564-2262
> **Attorneys for Defendants**
> djensen@galfandberger.com
> mmcgurrin@galfandberger.com

**DATED: 1/24/2017**