# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BROWN, SR. | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | No. 16-4746 |
| v. | : | |
| | : | |
| COILPLUS-PENNSYLVANIA, INC., | : | |
| UNITED STEEL, PAPER & FORESTRY, | : | |
| RUBBER, MANUFACTURING, ENERGY, | : | |
| ALLIED INDUSTRIAL AND SERVICE | : | |
| WORKERS INTERNATIONAL UNION, | : | |
| AFL-CIO, CLC, LOCAL UNION #4889-08 | : | |
|     Defendant. | : | |

MCHUGH, J.                                                                                                                                                                            June 21, 2017

## MEMORANDUM

This action is controlled by the Labor Management Relations Act, 29 U.S.C. §§ 141 – 191. Plaintiff was a union member protected by a collective bargaining agreement (CBA) under which he could be discharged only for cause. He claims he was fired in violation of that agreement, and that his union denied him reasonable representation on appeal.

Plaintiff's employer, Coilplus Pennsylvania, and his former union, the AFL-CIO, argue that his claims must be dismissed because: (1) Plaintiff has not adequately asserted a claim against the union, and (2) Plaintiff's complaint is barred by the LMRA's statute of limitations. Because I find merit in the first argument, and because as discussed below this is a "hybrid" action under the LMRA, Mr. Brown's claims must be dismissed.

**I.     Standard of Review**

This case is governed by the well-established standards of Rule 12(b)(6), as amplified by *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

1

## II. Factual Background

Coilplus Pennsylvania is a manufacturer of flat-rolled steel coils. Plaintiff worked at Coilplus's factory between August 2011 and February 2016. From 2013 to 2015, he worked as an Assistant Operator. In late 2015, though, he was ordered to fill a temporary Head Setter position. Plaintiff was trained as a Head Setter, but he disliked the job. Head Setters are required to "shim" little rings, and Plaintiff had difficulty with this task. He thus asked several times to be reassigned, and his supervisors assured him that he would be back to his old job "in no time." Nonetheless, Plaintiff remained a Head Setter for thirty days, and was then told he would be required to remain in the position for another six-to-eight weeks.

In January 2016, Plaintiff purportedly made multiple errors while shimming rings. He was given three write-ups for poor performance, after which he asked to take a medical leave of absence. Before he could amass the paperwork necessary to file for leave, he made another error and was placed on suspension pending termination. Approximately two weeks later, a union representative contacted Plaintiff and informed him that he could either collect unemployment or stay on suspension and petition for his job at a hearing. Plaintiff opted for a hearing, which was held on February 25, 2016.

Plaintiff, his plant supervisor Michael Onody, and the union president Brian Martin attended the hearing. Onody asked whether they should wait for Plaintiff's union representative before beginning, but Martin told him that they could proceed. After a brief exchange between Onody and Martin about Brown's fitness to serve as a Head Setter, Brown alleges that "the meeting then became an exchange of inappropriate language between Onody and Martin." Am. Compl. ¶ 43. Onody first accused Plaintiff of making mistakes on purpose. *Id*. ¶ 42. Then, "the two men were attacking each other on how they both handle their business. . . . The hearing

2

ended abruptly without Martin affectively [sic] arguing Plaintiff's matter." *Id* ¶ 45. On March 4, 2016, Plaintiff was told he lost the hearing. His termination was made final on that date.

###   III. The Hybrid Nature of Claims Under § 301 of the LMRA

In both his Complaint and his Amended Complaint, Plaintiff raised two claims: one against Coilplus for violation of the Collective Bargaining Agreement, and the other against the union for breach of the duty of fair representation. Plaintiff did not affirmatively plead these claims under § 301 of the LMRA – indeed, he mentioned the statute only once, more than four months after beginning this suit, when facing a motion to dismiss his Amended Complaint.[1] But Plaintiff belatedly acknowledges he can only proceed under the LMRA.

Although ordinarily the plaintiff in a civil action can bring parallel claims against separate defendants and proceed with them independently, that is not true in the field of labor management relations, where Congress has legislatively defined the scope of permissive claims. Because the CBA creates remedies for wrongful termination, a worker must ordinarily exhaust all grievance or arbitration remedies in the contract before bringing suit. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). The LMRA, however, provides an exception to that rule where a worker claims not only that his employer violated the terms of the CBA, but also that his union then failed to reasonably represent him in asserting the contractual violation. *Id*. Under § 301, then, a worker can bring a "hybrid" suit composed of two "inextricably interdependent" claims. *Id*. That right comes with an important limitation: a worker is entitled to relief if, and only if, he can succeed on both claims. *See id* at 165 (1983) ("To prevail against either the company or the [u]nion, employee-plaintiffs must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the [u]nion.")

---

[1] "Plaintiff concedes his action is governed by the LMRA." Resp. at 7.

## IV. Analysis

### A. *Plaintiff's Claim Against the Union*

Claims for breach of the duty of fair representation are rarely sustained. A worker advancing this theory must show that a union's treatment of him was "arbitrary, discriminatory, or in bad faith." *Masy v. N.J. Transit Rail Operations, Inc.*, 790 F.2d 322, 328 (3d Cir. 1986). Here, Plaintiff does not plead discrimination or bad faith – he claims only that the union's conduct was arbitrary.

Under the controlling precedent, "A union's conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 46 (1998). The Third Circuit has emphasized that "[t]he plaintiff must demonstrate more than mere ineptitude or negligence on the part of the union, and the fact that trained counsel would have avoided the error or pursued a different strategy is not enough." *Riley v. Letter Carriers Local No. 380*, 668 F.2d 224, 238 (3d Cir. 1981).[2]

Plaintiff cannot meet this standard. He has alleged the following facts: (1) Martin failed to wait for Plaintiff's union representative before starting the meeting, (2) he "insist[ed] Onody should have listened to Plaintiff in the first instance," (3) he "made a remark that Coilplus does this kind of stuff to employees all the time," and (4) the meeting devolved into an "exchange of inappropriate language between Onody and Martin," in which "the two men were attacking each other on how they both handle their business." Am. Compl. ¶ 41 - ¶ 45.[3]

---

[2] This statement, originally from *Vaca v. Sipes*, 386 U.S. 171, 191 (1967), continues to be focus of opinions from the Court of Appeals. *See, e.g., Gehringer v. Atlantic Detroit Diesel Allison LLC.*, 595 Fed. Appx. 157 (3d Cir. 2014; *see also Raczkowski v. Empire Kosher Poultry*, 185 F. App'x. 117 (3d Cir. 2006) (finding that a union's failure to use an existing grievance or arbitration process was not arbitrary because "there is no evidence that it had abused its considerable discretion in doing so").

[3] In his Amended Complaint, Plaintiff added the adverb "arbitrarily" to several of these factual statements, but that does not affect my reading of them. "[B]are assertions of arbitrary conduct" must be supported by "actual factual allegations" to sustain an LMRA claim against a union. *Masy*, 790 F.2d at 328.

None of these allegations rises above negligence. The Amended Complaint strongly suggests that the union's representation was inept – shouting obscenities at one's adversary is usually unpersuasive. But it does not show that Martin's actions "lack[ed] rational basis or explanation." *Marquez*, 535 U.S. at 46. Indeed, the Amended Complaint demonstrates that Martin did advocate – apparently forcefully – on Plaintiff's behalf. In Plaintiff's formulation of the case, Martin believed, rightly or wrongly, that he could adequately represent Plaintiff without his union representative present at the hearing. He also believed that engaging Onody aggressively about his failure to listen to Plaintiff, and about Coilplus's history of parallel disputes, would effectively advance Plaintiff's cause. While the outcome – Brown's termination – proves these judgments wrong, they were not arbitrary in the legal sense. A breach of the duty of fair representation has therefore not occurred.

*B. Plaintiff's Claim Against Coilplus*

Coilplus has not moved to dismiss the claim against it on substantive grounds. It has instead devoted the whole of its briefing to the claim that Plaintiff filed his Complaint outside the LMRA's statute of limitations. But I need not reach the statute of limitations issue, given the hybrid nature of this action. Because Plaintiff has not stated a claim against the union, any claim he has against Coilplus must also fail as a matter of law. *DelCostello*, 462 U.S. at 165.

**V.     Conclusion**

The LMRA favors internal grievance procedures over litigation in employment disputes. In service of that preference, it places the fate of fired employees in the hands of their bargaining units. At the same time, it grants unions wide latitude in how they approach the representation of their members. Courts are not permitted to pass judgment on the manner in which unions represent their members, so long as they avoid arbitrary and discriminatory conduct. Because

5

the essence of Mr. Brown's claim is the quality of the representation he received, his claim fails as a matter of law.

    /s/ Gerald Austin McHugh
United States District Judge